AO 91 (Rev. 11/11)   Criminal Complaint

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Ali SAKHAEI | ) | Case No. 23-MJ-1628 |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 9, 2023__ in the county of __Cibola__ in the _____ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(A) | Possession with intent to distribute 5 kilograms and more of a mixture or substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Dean King, Special Agent
*Printed name and title*

Sworn to before me telephonically

Date: 11/10/2023

*Judge's signature*

City and state: Albuquerque, New Mexico

John Robbenhaa, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Dean King, being first duly sworn, hereby depose and state as follows:

# INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent (SA) with the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and have been employed as such since October 2022. I successfully completed eleven weeks of Criminal Investigator Training Program (CITP), and the Homeland Security Investigations Special Agent Training Program (HSI-SAT) at the Federal Law Enforcement Training Center (FLETC) in Brunswick, Georgia. I am currently assigned to the Albuquerque, New Mexico, Deputy Special Agent in Charge (DSAC) field office.

2. I have been a federal law enforcement officer with the U.S. Department of Homeland Security for over 20 years. Prior to my appointment as a criminal investigator, I enforced federal immigration laws and conducted immigration violation investigations, working with multiple state and federal agencies.

3. As a HSI Special Agent, I am authorized and presently assigned to investigate violations of the Comprehensive Drug Abuse and Prevention and Control Act of 1970, Title 21, United States Code, Section 801, et seq. An HSI Special Agent is an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and are empowered by law to conduct investigations and to make arrests for offenses enumerated in Section 2516 of Title 18.

4.  I have also acquired knowledge and information about such offenses, and the various means and methods by which they are furthered from numerous sources, including formal and informal training, from other law enforcement officers, investigators, and Special Agents, interviews of informants and arrestees, and interviews of other knowledgeable individuals.

5.  This affidavit is based on information obtained from law enforcements officers with HSI and the New Mexico State Police (NMSP), as well as my first-hand knowledge. This affidavit does not set forth all of my knowledge or summarize all of the investigative efforts in this investigation. This affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging Ali SAKHAEI with a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), that being in possession with intent to distribute 5 kilograms and more of a mixture or substance containing a detectable amount of cocaine.

## STATEMENT OF PROBABLE CAUSE

6.  On November 9, 2023, while conducting routine traffic enforcement on Interstate 40, New Mexico State Police (NMSP) Officer J. Garcia, a Task Force Officer (TFO) with HSI Albuquerque, observed a tractor-trailer semi-truck (a commercial motor vehicle) traveling too closely behind another commercial motor vehicle near mile post 80. It was estimated that the tractor-trailer was only one to two car lengths behind another tractor-trailer, which is too close for commercial motor vehicles. Additionally, Officer Garcia observed that a portion of the tractor-trailer's license plate was unidentifiable because a license plate light obstructed the visibility of the license plate's state of origin.

7.  Officer Garcia activated his emergency lights to initiate a traffic stop. The tractor-trailer eventually came to a stop at mile post 82 in Interstate 40.

8. Upon approaching the tractor-trailer, Officer Garcia asked the driver (SAKHAEI) for his driver's license, vehicle registration, insurance, bills of laden and logbook. Officer Garcia notice that SAKHAEI appeared nervous.  As he handed his documents to Officer Garcia, SIKHAEI's hand was visibly shaking.

9. Officer Garcia reviewed the bills of laden and noticed that the seal that was placed on the trailer door after leaving his load pickup location did not match what was on the trailer door at time of stop. Officer Garcia became suspicious that the load may have been tampered with.

10. Officer Garcia then questioned SAKHAEI about his previous 7 days logbook. SAKHAEI appeared to be hesitant about sending Officer Garcia his electronic logbook entries. Officer Garcia was able to view the entries and noticed that SAKHAEI was off for quite a few days in California. Officer Garcia knows, based on commercial motor vehicle enforcement training and experience, that this was unusual as commercial motor vehicle drivers make income based on miles driven not multiple days off a at a location that is not their home.

11. Officer Garcia issued two citations to SAKHAEI, one for following to closely and one for illegible registration plate.  Officer Garcia returned SAKHAEI's documents to him.  Officer Garcia then asked SAKHAEI if he could ask additional questions regarding his trip.  SAKHAEI responded "yes".

12. SAKHAEI told Officer Garcia that he traveled from Canada to California to drop a load. SAKHAEI then stated that while waiting for the next load in California, he parked his commercial motor vehicle on November 3, 2023, in the lot where the next load was and remained there until November 9, 2023.

13. Officer J. Garcia noticed that the logbook entries did not indicate when SAKHAEI picked up a load on November 9, 2023.  The entries instead showed that SAKHAEI received a load on

November 6, 2023. Based on training and experience involving commercial motor vehicles, officer Garcia became suspicious of these inconsistencies.

14. Officer Garcia asked SAKHAEI for consent to search the commercial motor vehicle and its trailer. SAKHAEI initially stated "yes" and then added "trailer only".

15. Before examining the contents of the trailer, Officer Garcia deployed a certified drug detection dog around the perimeter of the tractor-trailer. The drug detection dog alerted to the odor of narcotics near the driver's side door of the cab of the truck.

16. NMSP Officer J. Armijo, who is also a TFO, arrived to assist Officer Garcia. Based on the drug detection dog's alert to the presence of the odor of narcotics and other circumstances, Officer Armijo conducted a probable cause search of the cab of the truck. (Officer Garcia cut the seal on the trailer door and observed that it appeared to be filled with cargo all the way to the rear of the trailer.) Inside the cab of the truck, Officer Armijo located duffel bags that contained bundles of suspected narcotics, wrapped in black tape with a scent masking agent consisting of oil and crushed red chili pepper. Officers later found additional similar bundles in the truck. In total, 56 bundles of suspected narcotics wrapped in black tape with scent masking agents were seized from the cab of the truck. Your affiant knows, based on training and experience, that narcotics traffickers will coat bundles of narcotics in substances to subvert detection by drug detection dogs.

17. The bundles of suspected narcotics were transported to the HSI Albuquerque Office where HSI SA V. Avila tested the substance within the bundles. The substance presumptively tested positive for cocaine, utilizing a TruNarc Narcotics Analyzer. The total weight of all bundles seized (56 bundles) was approximately 72.22 kilograms.

**CONCLUSION**

18. Based on all the above information, I respectfully submit that there is probable cause to charge Ali SAKHAEI with a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), that being possession with intent to distribute 5 kilograms and more of a mixture or substance containing a detectable amount of cocaine.

19. Assistant United States Attorney Timothy Vasquez has approved this criminal complaint.

Respectfully submitted,

_____
Dean King
HSI Special Agent

ELETRONICALLY SUBSCRIBED AND TELEPHONICALLY SWORN ON NOVEMBER 10, 2023.

_____
HONORABLE JOHN F. ROBBENHAAR
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF NEW MEXICO